**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SUZANNE ALYCE KOPEC, | DOCKET NUMBER |
| Appellant, | PH-3330-14-0320-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: January 20, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Suzanne Alyce Kopec, Warminster, Pennsylvania, pro se.

Lauren Russo and Gregory Kevin Weller, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  For the reasons set forth below, we GRANT the petition for review.  We AFFIRM the initial decision insofar as the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

administrative judge found that the agency did not violate the appellant's veterans' preference rights[2] and did not violate the appellant's right to compete as to the peer specialist position, and REVERSE the initial decision insofar as the administrative judge determined that the agency did not violate the appellant's right to compete as to the peer apprentice position.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        At issue in this appeal is the appellant's nonselection for two positions, GS-05 peer apprentice and GS-06/07 peer specialist.  Initial Appeal File (IAF), Tab 1 at 4, 6, Tab 3 at 8, Tab 8 at 6, 15-16.[3]  The agency posted two external announcements, listing the positions as open from April 1 to June 3, 2013.[4]  IAF, Tab 8 at 6, 15.  Both announcements were listed as "open [and] continuous," meaning that the applications for qualified candidates would remain on file for 1 year and be considered as additional vacancies became available.  *Id.* at 6, 18. Individuals hired were to provide mentally ill veterans with support in recovery and in navigating the Veterans Administration system.  *Id.* at 64, 67-68.  The agency required that an applicant be a veteran recovered from, or in the process of recovering from, a mental health condition.  *Id.* at 64, 69.

¶3        Both the peer apprentice and peer specialist positions are ordinarily in the competitive service.  Petition for Review (PFR) File, Tab 1 at 4-5, Tab 6 at 4. However, agency policy at the time provided that appointments could be made under Schedule A, 5 C.F.R. § 213.3102(u), which permits an agency to except appointments of individuals with intellectual, severe physical, or psychiatric

[2] We modify the initial decision to find that the agency met its obligation to follow veterans' preference principles as far as administratively feasible.  This was an issue not addressed by the administrative judge below.

[3] The agency also refers to these positions as peer support apprentice and peer support specialist.  IAF, Tab 18 at 4 n.1 & n.2.  For the sake of clarity, we will refer to these positions as peer apprentice and peer specialist.

[4] The announcement numbers were PHL-13-LCo-868113-P2P and PHL-13-LCo-866838-P2P.  IAF, Tab 8 at 6, 15.

disabilities from the competitive service.  IAF, Tab 8 at 60.  On April 30, 2013, a Human Resources Specialist sent a "Non-Competitive Candidate Referral List" for the peer apprentice position to the hiring official.  IAF, Tab 18 at 20, 22.  The certificate also was referred to as a "Merit Referral List."  *Id.* at 22.  However, instructions included with the list indicated that merit promotion procedures would not be used and that candidates could be selected noncompetitively.[5]  *Id.* at 23.

¶4      The appellant applied for the peer apprentice position on May 17, 2013, and for the peer specialist position on June 3, 2013.  IAF, Tab 3 at 8, Tab 8 at 4.  The parties do not dispute that she is a 10-point preference eligible.  PFR File, Tab 6 at 7, Tab 8 at 4, 7-8.

¶5      On May 31, 2013, the hiring official selected two applicants from the April 30, 2013 Non-Competitive Candidate Referral List for the apprentice position using the Schedule A hiring authority described at 5 C.F.R. § 213.3102(u).  IAF, Tab 10 at 2, Tab 18 at 20.  According to the Standard Form 50s for the selectees, both were entitled to five veterans' preference points.  IAF, Tab 18 at 46-47.  On September 25, 2013, the agency notified the appellant that she was not selected for the peer apprentice position, but that she was deemed eligible and her name would remain on the applicant list for 1 year.[6]  IAF, Tab 16 at 3, Tab 17 at 4.

¶6      The agency initially designated the appellant as ineligible for the peer specialist position in error, believing that she did not provide the required peer support certification.  IAF, Tab 8 at 71, Tab 18 at 43.  The agency later corrected

---

[5] The appellant had not yet applied, and therefore her name was not included on the list. IAF, Tab 18 at 23-37.

[6] Although the agency sent most nonselected applicants for the peer apprentice position notification of their qualification and eligibility on July 23, 2013, the letters for the appellant and 22 other candidates were not sent due to a "system failure."  IAF, Tab 18 at 21.  The agency later sent notices to all 23 of the remaining applicants, including the appellant.  IAF, Tab 16 at 3, Tab 17 at 4.

the error.  IAF, Tab 18 at 21.  No applicants were selected for this vacancy.  *Id.* On December 16, 2013, the agency notified the appellant that she was deemed eligible and that she would remain on the applicant list for 1 year.  IAF, Tab 16 at 3, Tab 17 at 5.

¶7        After the appellant exhausted her administrative remedies with the Department of Labor (DOL), she filed the instant appeal.  IAF, Tab 1 at 5, Tab 3 at 3-12.  The appellant withdrew her request for a hearing.  IAF, Tab 10 at 2.  The administrative judge issued a close-of-record order, to which both parties responded.[7]    IAF, Tabs 14-18, 21-23.   After the close of record, the administrative judge issued an initial decision, finding that the Board had jurisdiction over the appellant's claims, but denying her request for corrective action.[8]  IAF, Tab 25, Initial Decision (ID) at 2 & n.2, 8.  Regarding the peer apprentice position, the administrative judge found that the agency did not violate the appellant's right to compete because it filled the vacancies with noncompetitive appointments without using merit promotion procedures.  ID at 6. He further found that the agency did not violate the appellant's veterans' preference rights because Schedule A appointments, such as the peer apprentice appointments at issue here, are exempt from the regulatory requirements for

[7] In identifying the relevant law for the appellant, who was (and remains) pro se, the administrative judge advised the appellant of how to prove a VEOA claim for a violation of veterans' preference rights.  IAF, Tab 14 at 2.  Because the appellant raised an alleged denial of her right to compete under VEOA, IAF, Tab 1 at 4, 6, the administrative judge also should have provided the appellant with notice of her burden of proof and the kind of evidence she needed to submit to the Board to adjudicate this claim, *see generally Goodnight v. Office of Personnel Management*, 49 M.S.P.R. 184, 188 (1991) (remanding an appeal because the administrative judge did not advise the pro se appellant before the record closed of her burden and the evidentiary requirements).  However, any notice deficiency was cured by the initial decision, which advised the appellant of her burden of proof concerning a right-to-compete claim and analyzed the evidence in the record.  ID at 5-6; *see King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 8 (2009) (finding that the administrative judge's failure to inform the appellant of a required element of his retirement claim was cured by the initial decision).

[8] After the record closed, a new administrative judge was assigned.  IAF, Tabs 20, 24.

posting competitive-service vacancies and for applying veterans' preference. ID at 7.

¶8	The appellant has filed a timely petition for review, the gravamen of which is that the positions at issue are in the competitive service, which required the agency to consider her applications, follow competitive-service posting requirements, and apply veterans' preference rules in making its selections. PFR File, Tab 1 at 4-5; *see Roche v. U.S. Postal Service*, 828 F.2d 1555, 1558 (Fed. Cir. 1987) (holding that "[p]ro se petitioners are not expected to frame issues with [legal] precision"). Although the agency initially did not respond to the petition for review, the Clerk of the Board issued an order seeking additional information. PFR File, Tab 3. Both parties have responded to the Clerk's order. PFR File, Tabs 6, 8.

¶9	The Board has jurisdiction over two types of VEOA claims: (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference.[9] *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right-to-compete claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015) (analyzing a VEOA claim to determine under which theory it belonged). The appellant has raised both types of claims here. PFR File, Tab 1 at 4.

¶10	First, to prevail on the merits of a right-to-compete VEOA claim, the appellant must prove by preponderant evidence that: (1) she exhausted her remedy with DOL; (2) she is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (3) the action at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (4) the agency denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v.*

---

[9] On review, neither party challenges the administrative judge's finding of Board jurisdiction, and we see no basis to disturb that finding.

*Department of Veterans Affairs*, [115 M.S.P.R. 409](#), ¶ 5 (2010) (setting forth these elements in terms of the appellant's lesser jurisdictional burden); *see Graves v. Department of Veterans Affairs*, [114 M.S.P.R. 209](#), ¶ 19 (2010) (reflecting that the appellant's burden on the merits of a right-to-compete claim is preponderant evidence).

¶11      Second, to prevail on the merits of a veterans' preference claim, the appellant must prove by preponderant evidence that:  (1) she exhausted her remedy with DOL; (2) she is a preference eligible within the meaning of VEOA; (3) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (4) the agency violated her rights under a statute or regulation relating to veterans' preference.  *See Lazaro v. Department of Veterans Affairs*, [666 F.3d 1316](#), 1319 (Fed. Cir. 2012) (setting forth these elements in terms of the appellant's lesser jurisdictional burden); *Isabella v. Department of State*, [106 M.S.P.R. 333](#), ¶¶ 21-22 (2007) (finding that to prevail on the merits, the appellant must prove these elements by preponderant evidence), *aff'd on recons.*, 109 M.S.P.R. 453 (2008).  A statute or regulation "relating to veterans' preference" under VEOA is one that stands in some relation to, has a bearing on, concerns, and has some connection with veterans' preference rights.  *Dean v. Department of Agriculture*, [99 M.S.P.R. 533](#), ¶ 17 (2005), *aff'd on recons.*, 104 M.S.P.R. 1 (2006).

¶12      The parties do not dispute that the appellant exhausted her claims with DOL and that she is both a preference-eligible veteran and a veteran under section 3304(f)(1).  PFR File, Tab 6 at 7, Tab 8 at 4, 7-8; IAF, Tab 3 at 3-13; *see*  [5 U.S.C. § 3304](#)(f)(1).  Further, the incidents at issue took place in 2013.  IAF, Tab 18 at 20-21.  Thus, the only remaining issue in a right-to-compete claim is whether the agency denied the appellant a right to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of [5 U.S.C. § 3304](#)(f)(1).  Likewise, the only remaining issue in a veterans' preference claim

is whether the agency violated a statute or regulation relating to veterans' preference.

<u>The administrative judge erred in part by finding that the agency did not violate the appellant's right to compete as to the peer apprentice vacancy.</u>

¶13     The appellant argues that her right to compete was triggered because the agency accepted applicants outside its workforce. PFR File, Tab 1 at 4; *see* IAF, Tab 22 at 7-8, 10. The administrative judge found that the appellant was not entitled to compete for the peer apprentice vacancy announcement because the agency filled the positions outside the competitive service without the use of merit promotion procedures. ID at 6. He further found that her right to compete for the peer specialist vacancy was not violated because no one was hired. ID at 7.

¶14     As for the peer apprentice position, we agree with the appellant's argument that because the agency accepted applications from individuals outside of its own workforce, she had a right to compete under 5 U.S.C. § 3304(f)(1). *See Brandt v. Department of the Air Force*, 103 M.S.P.R. 671, ¶ 12 (2006) (citing 5 C.F.R. § 335.106, which states that veterans "may compete for vacancies under merit promotion when an agency accepts applications from individuals outside its own workforce"). Therefore, the appellant has proven that the agency violated her right to compete as to that position.

¶15     We turn now to the peer specialist position. According to the appellant, the agency's delay in notifying her that it did not consider her to be qualified caused her to lose her opportunity to correct that error and therefore compete for the position. PFR File, Tab 1 at 4. We find the appellant's argument is not persuasive because no one was selected for the peer specialist vacancy. PFR File, Tab 1 at 4; *see Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 10 (2002) (holding that an agency's cancelation of a vacancy announcement without making a selection does not violate veterans' preference laws), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008). When an appellant applies for a vacancy

announcement under which the agency ultimately makes no selection, the Board denies the request for corrective action for lack of an available remedy. *Jones v. Department of Health & Human Services*, [119 M.S.P.R. 355](), ¶¶ 14, 16, *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013). Therefore, we affirm the administrative judge's finding that the appellant's right-to-compete claim fails as to the peer specialist position. ID at 7.

The administrative judge correctly found that the agency did not violate the appellant's veterans' preference rights.

¶16 The appellant argues that her veterans' preference rights were violated because: (1) the agency did not follow the posting requirements for competitive-service positions; (2) it appears that the agency made its decision to use an excepted-service hiring authority after the fact; and (3) the agency did not consider veterans' preference "as far as administratively feasible." PFR File, Tab 1 at 4-5.

¶17 As to the first argument, we agree with the administrative judge that the agency was not required to follow the posting requirements for competitive-service vacancy announcements.[10] ID at 7; *see* [5 C.F.R. § 330.104](a)(6) (requiring that a competitive-service vacancy announcement include information regarding "how receipt of applications will be . . . considered, such as by cutoff dates in open continuous announcements").

¶18 As to the second argument, we disagree with the appellant that the timing of the agency's decision to use the Schedule A hiring authority at issue here was improper. Most civilian positions in the executive branch are in the competitive service unless specifically excepted.[11] [5 U.S.C. §§ 2102](a), 2103(a); *Isabella v.*

---

[10] In light of this finding, we vacate as unnecessary the administrative judge's alternate finding that [5 C.F.R. § 330.104]() is not a law, rule, or regulation implicating veterans' preference. ID at 7.

[11] The appellant argues that because appointments to peer specialist positions are made under [38 U.S.C. § 7402](b)(13), the positions must be placed in the competitive service. IAF, Tab 22 at 5. However, she did not provide, and we are unable to locate, any

*Department of State*, 102 M.S.P.R. 259, ¶ 12 (2006); 5 C.F.R. § 212.101(a)(1). The Office of Personnel Management (OPM) has established four schedules, Schedules A through D, under which appointments may be excepted from the competitive service.  5 C.F.R. §§ 213.102(b)(3)(i), .103(a).  As to Schedule A, OPM also has provided a list of hiring authorities for the "[e]ntire executive civil service."  5 C.F.R. § 213.3102.  Among them is the Schedule A hiring authority used by the agency here, the purpose of which is to enable the appointment of individuals with "intellectual disabilities, severe physical disabilities, or psychiatric disabilities."  5 C.F.R. § 213.3102(u); IAF, Tab 18 at 46-47.  The position itself is not excepted from the competitive service under this hiring authority.  *See* 5 C.F.R. § 213.3102(u).  Rather, as the administrative judge found, appointments made under section 213.3102(u) are designated as excepted service when, as here, they are filled by a particular class of appointee.  *Van Wersch v. Department of Health & Human Services*, 72 M.S.P.R. 662, 665-66 (1996); 5 C.F.R. § 213.102(c)(2); ID at 3-4.

¶19      An agency may except a position from the competitive service, as occurred here, only as necessary for good administration.  5 U.S.C. § 3302(1); *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 19 (2010); 5 C.F.R. § 2103.3102(u); *see* 5 U.S.C. § 1104(a)(1) (permitting the President to delegate "authority for personnel management functions" to OPM); 5 C.F.R. § 1.2 (providing, in OPM regulations, that the competitive service includes all civilian executive branch positions unless excepted by statute or OPM).  As to the peer apprentice vacancies, we find the agency's use of Schedule A to hire two

---

requirement that such appointments be made in the competitive service. *Id.*  If she is arguing that the requirements of title 5 apply to appointments under section 7402(b)(13), we disagree.  As the administrative judge observed, these are not "hybrid" positions to which many of the title 5 requirements apply.  ID at 2 n.4; *see* IAF, Tab 8 at 58-62; *see also* 38 U.S.C. § 7403(f)(3) (providing for certain title 5 rights for positions incorporated by reference to other statutory sections, not including section 7402(b)(13)).

individuals was necessary for good administration. It is axiomatic that the use of the section 213.3102(u) Schedule A hiring authority is necessary for good administration because its purpose is to increase the hiring of individuals with intellectual, severe physical, and psychiatric disabilities. 5 C.F.R. § 213.3102(u). The purpose of this hiring authority is to "improve[] the Federal Government's ability to hire persons with [the identified] disabilities . . . [and] remove barriers and increase employment opportunities for persons with disabilities." Excepted Service-Appointment of Persons with Disabilities and Career and Career-Conditional Employment, 71 Fed. Reg. 42,241 (July 26, 2006). Use of section 213.3102(u) is within an agency's discretion. *Id.* at 42,244. However, agencies have been directed by executive order to "increase utilization of the Federal Government's Schedule A excepted-service hiring authority for persons with disabilities." Exec. Order No. 13,548, § 2(d), 75 Fed. Reg. 45,039-45,040 (July 26, 2010). Therefore, we find that the use of a Schedule A hiring authority was proper.

¶20        Although OPM describes Schedule A appointments generally as applying to positions, the text of 5 C.F.R. § 213.3102(u) reflects that it actually applies to individuals. *See generally* 5 C.F.R. §§ 6.2, 213.3101(u). For example, it refers to the appointment of "a person" who has a disability within the scope of the regulation; requires an agency to seek proof of the individual's disability; and anticipates that an agency will make an individualized determination regarding whether to place the individual in a temporary, time-limited, or permanent appointment. 5 C.F.R. § 213.3102(u)(1), (3)(i), (4), (5). Therefore, although an agency may not use a hiring authority after having posted vacancies to retroactively except the position itself from the competitive service, we nonetheless find it proper for an agency to decide to appoint individuals using section 213.3102(u) after having posted the vacancies.

¶21        As to the appellant's third argument, we modify the initial decision to find that the agency met its obligation to follow veterans' preference principles as far

as administratively feasible.[12]  PFR File, Tab 1 at 5.  OPM has determined that Schedule A positions are exempt from excepted-service appointment procedures.  5 C.F.R. § 302.101(c)(6).  An agency is required to "follow the principle of veteran preference as far as administratively feasible."  5 C.F.R. § 302.101(c).  Concerning excepted-service positions that are not subject to examination, an agency may meet this requirement by considering veterans' preference as a positive factor.  *Patterson v. Department of the Interior*, 424 F.3d 1151, 1159 (Fed. Cir. 2005); *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 15 (2010), *aff'd*, 669 F.3d 1320 (Fed. Cir. 2012).  We find that it is self-evident that the agency viewed veterans' preference status as a positive factor in the selection process because the only qualified applicants were veterans who had recovered or were recovering from a mental health condition.  IAF, Tab 8 at 8-9, Tab 18 at 46-47; 38 U.S.C. § 7402(b)(13)(A) (requiring that an individual appointed as a peer specialist must "be a veteran who has recovered or is recovering from a mental health condition").  Therefore, we find that the administrative judge correctly determined that the agency did not violate the appellant's veterans' preference rights.

The appeal is not moot.

¶22    The agency has moved to dismiss the appeal as moot.  PFR File, Tab 7.  It provides evidence that it has offered to the appellant, for settlement of the appeal, positions as a peer specialist and peer apprentice.  *Id.* at 5, 15, 19.  However, because the agency's offer of relief is insufficient to render the appeal moot, we deny the agency's motion.[13]

---

[12] The administrative judge did not address this argument, which the agency raised below, in the initial decision.  *See* ID; IAF, Tab 21 at 8.

[13] On March 31, 2015, the agency filed a motion for leave to file a supplemental brief in response to the appellant's response to the agency's motion to dismiss.  PFR File, Tab 11.  On April 8, 2015, the appellant filed a response opposing the agency's motion for leave and alternatively requesting an opportunity to respond, should the Board grant the agency's request to file supplemental brief.  PFR File, Tab 13.  In light of the

¶23     An appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant, as when the appellant, by whatever means, obtained all of the relief she could have obtained had she prevailed before the Board and thereby lost any legally cognizable interest in the outcome of the appeal. *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶ 12 (2013).

¶24     Under VEOA, a prevailing party is entitled to the following relief: (1) agency compliance with the statute of regulation relating to veterans' preference that the agency violated; (2) compensation for lost wages of benefits that resulted from the violation; and (3) attorney fees, expert witness fees, and litigation expenses. 5 U.S.C. § 3330c. Further, if the violation was willful and the appellant is entitled to lost wages and benefits, she also is entitled to receive liquidated damages equal to lost wages and benefits. 5 U.S.C. § 3330c(a).

¶25     Generally, where an agency violated an appellant's right to compete, an appellant is not automatically entitled to the position sought; rather, she is entitled to a selection process consistent with law. *Washburn*, 119 M.S.P.R. 265, ¶ 13. If the appellant is selected, the agency must pay her lost wages or benefits as a result of her improper nonselection. *Williams v. Department of the Air Force*, 116 M.S.P.R. 245, ¶ 13. If she had such losses, the appellant then may be entitled to seek liquidated damages. 5 U.S.C. § 3330c(b).

¶26     As discussed above, the agency violated the appellant's right to compete concerning the peer apprentice position. If, after restructuring the hiring process, the agency selects the appellant for the position, then she will be entitled to any lost wages or benefits she incurred as a result of the violation. Accordingly, the appeal is not moot.

---

Board's disposition as to the agency's motion to dismiss, the Board denies the agency's and the appellant's motions.

**ORDER**

We ORDER the agency to reconstruct the selection process for the peer apprentice position, giving consideration to the appellant and any other preference eligible or veteran consistent with 5 U.S.C. § 3304(f)(1). *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 60 days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO
REQUEST ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the U.S. Code (5 U.S.C.), sections 7701(g), 1221(g), 1214(g), or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST DAMAGES

You may be entitled to be compensated by the agency for any loss of wages or benefits you suffered because of the violation of your veterans' preference rights. 5 U.S.C. § 3330c(a); 5 C.F.R. § 1208.25(a). If you are entitled to such compensation, and the violation is found to be willful, the Board has authority to order the agency to pay an amount equal to back pay as liquidated damages. 5 U.S.C. § 3330c(a); 5 C.F.R. § 1208.25(a). You may file a petition seeking compensation for lost wages and benefits or damages with the office that issued the initial decision in your appeal WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.